United States District Court
Southern District of Texas
**ENTERED**
January 07, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Royal American Construction, Inc., § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | Civil Action H-21-02440 | |
| § | | |
| Roofing Designs by JR, LLC, § | | |
| dba Roofing Designs, § | | |
| § | | |
| *Defendants.* § | | |

## MEMORANDUM AND ORDER

Pending before the court is The Hartford Fire Insurance Company (Hartford) and Royal American Construction's (Royal American) Joint Motion for Summary Judgment on all claims by Roofing Designs based on Judicial Estoppel. ECF No. 135. The parties consented to the jurisdiction of the undersigned magistrate judge for all purposes, including entry of final judgment. ECF No. 104. Hartford and Royal American's Joint Motion for Summary Judgment is **GRANTED**. Roofing Designs by JR, LLC's (Roofing Designs) claims against Hartford and Royal American are hereby **DISMISSED** with **PREJUDICE**.

### 1. Facts and Procedural History

This dispute arises from Royal American's termination of two subcontracts it entered into with Roofing Designs for the latter to provide construction services for a planned senior living apartment building in Houston, Texas. ECF No. 6. On July 26, 2021, Chynethia Gragg, the sole member of Roofing Designs and acting on behalf of the company, recorded two affidavits claiming liens against Royal American in the Harris County Real Property Records. The first claimed a mechanic's lien in the amount of

$102,793.00. ECF No. 135-1. The second claimed a retainage lien in the amount of $28,121.20. ECF No. 135-2.

The next day, on July 27, 2021, Royal American filed the instant lawsuit alleging that Roofing Designs was liable for breach of the subcontracts, breach of warranty, and conversion. ECF No. 1. On September 21, 2021, Roofing Designs filed its counterclaim against Royal American for breach of contract, quantum meruit, and negligence. ECF No. 15. Roofing Designs alleged that, at the time Royal American terminated the subcontracts, Royal American owed it the amounts claimed in the mechanic and retainage liens. *Id.* at 6. Roofing Designs also filed its original third-party complaint against Hartford who had issued a Texas Statutory Payment Bond for the project. ECF No. 16. Roofing Designs claimed that it was entitled to recover on the bond. *Id.*

In its initial disclosures, filed on November 24, 2021, Roofing Designs provided a detailed calculation of its alleged damages, stating that it was seeking $227,756.43 as damages. ECF No. 32 at 8. On June 16, 2022, Ms. Gragg testified in her capacity as Roofing Designs' corporate representative that Roofing Designs was seeking over $600,000 in damages, including attorneys' fees. ECF No. 135-3 at 48.

On October 4, 2023, Roofing Designs filed its Voluntary Petition in Bankruptcy under Chapter 11 of the Bankruptcy Code in the Northern District of Texas. ECF No. 135-5. In a section of the Summary of Assets and Liabilities (Summary) filed with the Petition requesting information about causes of action, Roofing Designs mentioned that it had a cause of action against Royal American but did not disclose the nature of the claim and valued the claim at $0.00. *Id.* at 14. That zero-dollar valuation was included in the computation of the total value of Roofing Designs' assets of $81,360.00. *Id.* at 15. Roofing Designs did not include in

2

that section or anywhere else in its bankruptcy court filings that it had a cause of action against Hartford. *Id.*

On January 2, 2024, Roofing Designs filed its Plan of Reorganization (Plan). In Article V of the Plan, Roofing Designs stated that it had several litigation claims but that those claims were "speculative" and "cannot be counted on to provide funds to the estate." ECF No. 135-6 at 8. Roofing Designs further stated in Article XVII of its Plan that it has evaluated claims that could be brought but that it was "unaware of any litigation which could be brought for the benefit of the creditors of the estate." *Id.* at 13. Roofing Designs also mentioned the Royal American litigation and that Royal American has asserted claims in the bankruptcy totaling over $650,000; however, Roofing Designs did not mention its own affirmative claims against Royal American or the damages it was seeking. *Id.* Roofing Designs merely stated that the Royal American lawsuit would not prevent it from complying with the plan. *Id.* On February 22, 2024, the bankruptcy court signed an order confirming Roofing Designs' Plan. ECF No. 135-7. On April 10, 2024, the bankruptcy court discharged the trustee. ECF No. 135-8.

On April 14, 2024, Roofing Designs filed its motion to lift the automatic stay, stating that its bankruptcy proceedings had concluded. ECF No. 125. The stay was lifted on April 24, 2024. On May 3, 2024, the parties filed a joint status report. ECF No. 130. In that report, Hartford stated that it intended to seek dismissal of Roofing Designs' claims because Roofing Designs did not identify any claims against Hartford in its Plan. ECF No. 130. On May 8, 2024, Roofing Designs filed amended schedules with the bankruptcy court. ECF No. 135-9. In the amended schedules, Roofing Designs disclosed its claims against Hartford. ECF No. 135-9 at 6. However, Roofing Designs continued to value its claims against Royal American at $0.00. ECF No. 135-9 at 7.

3

On May 31, 2024, Hartford and Royal American filed a joint motion for summary judgment based on judicial estoppel. ECF No. 135. They argue that Roofing Designs should be estopped from asserting claims against them because Roofing Designs failed to disclose its claims against Hartford and devalued its claims against Royal American. *Id.* Thus, according to Hartford and Royal American, Roofing Designs misled the bankruptcy court and received the benefit of a discharge of a substantial portion of its debts but retained the full value of its lawsuit against Hartford and Royal American. Roofing Designs responds that all parties were aware of its bankruptcy, and all had knowledge of its claims against Hartford and Royal American. ECF No. 144 at 2. Roofing Designs also disputes that its disclosures in its bankruptcy petition were inadequate. *Id.* Hartford and Royal American have replied. The motion is ripe for resolution.

## 2. *Summary Judgment Analysis*
### A. *Summary Judgment Standard*

A court should grant summary judgment when, viewing the evidence in the light most favorable to the non-movant, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Davenport v. Edward D. Jones & Co.*, 891 F.3d 162, 167 (5th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). A genuine issue of material fact exists only if a rational jury, reviewing the complete record, could return a verdict for the non-movant. *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Initially, "[t]he movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477

4

U.S. 317, 322–25 (1986)). If the movant carries that burden, then the burden shifts to the non-movant to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The non-movant must "go beyond the pleadings," using competent summary judgment evidence to cite "specific facts" showing a genuine issue for trial. *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)).

The court must review all evidence in the light most favorable to the non-movant and must draw all reasonable inferences in favor of the non-movant. *See Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

### B. Summary Judgment Analysis

Judicial estoppel is a "common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position." *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988). Courts have applied judicial estoppel when the inconsistency involves a position taken during bankruptcy proceedings. *In re Coastal Plains*, 179 F.3d 197, 208-09 (5th Cir. 1999). Courts have recognized the importance of judicial estoppel when bankruptcy proceedings are involved because bankruptcy aims to "'bring about an equitable distribution of the bankrupt's estate among creditors holding just demands' and to 'grant a fresh start to the honest but unfortunate debtor.'" *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011) (en banc) (quoting *Kothe v. R.C. Taylor Trust*, 280 U.S. 224, 227 (1930).

Judicial estoppel applies if the following conditions have been met: first, the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; second, the court accepted the prior position; and third, the party did not act inadvertently. *Reed*, 650 F.3d at 574.

5

Roofing Designs argues that the parties to this case and this court all have long known of Roofing Designs' claims, that the parties have known about the bankruptcy, and that this knowledge is sufficient to prevent a court from applying judicial estoppel. ECF No. 144 at 2. What the parties knew is irrelevant. What matters is what Roofing Designs represented to the courts. The doctrine of judicial estoppel "is intended to protect the judicial system, *rather than the litigants*, [so] detrimental reliance by the opponent of the party against whom the doctrine is applied is not necessary." *In re Coastal Plains*, 179 F.3d at 205 (emphasis in original). Whether the party seeking judicial estoppel knew of the undisclosed claims is thus "irrelevant." *Id.* at 210. The purpose of disclosure in bankruptcy filings is to "permit the court, the trustee, and the creditors to evaluate the debtors' financial condition at the date of bankruptcy and ascertain what assets may be available for distribution to creditors." *In re Superior Crewboats, Inc.*, 374 F.3d 330, 333 (5th Cir. 2004). Application of judicial estoppel in appropriate cases seeks to further that goal. As such, the court will not consider Royal American, Hartford, or this court's knowledge of Roofing Designs' claims in deciding whether to apply judicial estoppel.

### i. *Plain Inconsistency*

A plain inconsistency results when a debtor fails entirely to disclose claims in their bankruptcy but then pursues those claims in a different court. *See, e.g., Westland Oil Dev. Corp. v. MCorp Mgmt. Solutions, Inc.*, 157 B.R. 100, 103 (S.D. Tex. 1993) (applying judicial estoppel to claims not disclosed in the schedules and plan). It is a closer question when the debtor makes some mention of their claims in their bankruptcy filings but devalues them. While earlier cases declined to find inconsistency when a debtor at least mentioned their claims, more recent cases have found plain inconsistency to exist when a debtor discloses a claim but values it

6

significantly lower in the bankruptcy court than it did in the district court. *Compare, e.g., Delaney v. Wal-Mart Stores, Inc.*, 408 F.Supp.2d 240, 243 (N.D. Miss. Dec. 5, 2005) (holding that judicial estoppel did not apply even when debtor erroneously disclosed their claim as a personal injury claim when it was not) and *with, e.g., Cannon v. Wal-Mart Assocs., Inc.*, No. 5:19-CV-373-D, 2021 WL 4164075 (E.D. N.C. Sept. 10, 2021) (holding that judicial estoppel applies when a debtor represented the same claim as valueless during the bankruptcy proceedings but as valuable during the district court proceedings).

Roofing Designs advanced plainly inconsistent positions with respect to its claims against Hartford. The evidence establishes that Roofing Designs failed entirely to disclose its claims against Hartford in its Schedules and Plan. ECF No. 135-5. The bankruptcy court approved Roofing Designs' Plan which made no mention of Roofing Designs' claims against Hartford. ECF No. 135-6; ECF No. 135-7. Roofing Designs amended its Schedule only after Hartford notified Roofing Designs of its intent to file the instant motion. ECF No. 130; ECF No. 135-9 at 7. To allow Roofing Designs to escape judicial estoppel based on its amendment made only after its failure to disclose was pointed out in a court filing would thwart the goals of judicial estoppel and undermine the disclosure obligations of the Bankruptcy Code. *See, e.g., In re Superior Crewboats, Inc.*, 374, F.3d 330, 336 (5th Cir. 2004) (applying judicial estoppel and refusing to allow a debtor to amend their bankruptcy petition because such an action would permit debtors to conceal claims). In any event, even in its amended filings, Roofing Designs still valued its claims at zero.

Although Roofing Designs did mention its claim against Royal American in its bankruptcy court filings, the court nevertheless concludes that Roofing Designs advanced a plainly inconsistent position with respect to its claims against Royal

7

American. Roofing Designs repeatedly stated in the bankruptcy court that its claims against Royal American were valueless, ECF No. 135-5 at 10, 14; that the claims were "speculative" and could not be relied on, ECF No. 135-6 at 8; and that they could not be "brought for the benefit of creditors of the estate," *id.* at 13. These statements contradict Roofing Designs' earlier positions taken in this court, including that Roofing Designs was entitled to $227,756.43 in damages based on the mechanic and retainage liens, and Ms. Gragg's statement that Roofing Designs had over $600,000 in damages, plus attorneys' fees. ECF No. 32; ECF No. 135-3 at 48. Roofing Designs provided to the bankruptcy court an estimate of the value of its claims against Royal American that was significantly lower than the value it had shared with this court. As more recent cases have recognized, representing a claim as valueless in one forum but as valuable in another is plainly inconsistent. *See Cannon*, 2021 WL 4164075, at *8 (finding an inconsistency when a debtor represented a claim as having value in the district court but valueless in the bankruptcy court); *see also Queen v. TA Operating, LLC*, 734 F.3d. 1081 (10th Cir. 2013) ("By providing a significantly lower estimated value to the bankruptcy court…while their position in the district court placed a much higher value on the lawsuit…the [debtor] took a clearly inconsistent position in the bankruptcy court.").

  The result in this case is based on the facts presented. The court should not be understood to say that every mistake in the valuation of a claim before the bankruptcy court should be viewed as plainly inconsistent. The result might be different in the case of a claim the value of which is not capable of estimation or calculation. The outcome might also be different if the context and content of disclosures made in the bankruptcy court suggest a different result. But this is not a case where valuation of the claim was not possible. The lien paperwork assigned specific values to

8

the liens that are the subject of this litigation. ECF No. 135-1; ECF No. 135-2. Roofing Designs set forth a very specific calculation of its actual damages in its initial disclosures in this case. ECF No. 32 at 8. Ms. Gragg testified in her deposition that Roofing Designs was seeking over $600,000 in damages. ECF No. 135-3 at 48. She is the very person who signed the schedules in the bankruptcy court stating that the "amount requested" was "$0.00." ECF No. 135-5 at 7, 14. To state to the bankruptcy court that the claims against Royal American were worth $0.00 cannot be seen as anything but inconsistent.

Moreover, Roofing Designs stated in other parts of its Plan and Schedule that it did *not* have claims it could pursue for the benefit of the creditors. ECF No. 135-6 at 13. Thus, arguably, Roofing Designs not only significantly undervalued its claims, but also misled the creditors and the bankruptcy court about its assessment of those claims. See *In re Oparaji*, 698 F.3d 231, 235 (5th Cir. 2012) (stating that the Fifth Circuit, when evaluating judicial estoppel, looks in part to whether there is a perception that "one or both courts were misled[.]").

### ii. Acceptance of Prior Position

The second prong for judicial estoppel requires that the bankruptcy court accept the debtor's prior position. *Reed*, 650 F.3d at 574. Judicial acceptance can occur when the court accepts the debtor's position either on a preliminary matter or as part of a final disposition. *In re Superior Crewboats*, 374 F.3d at 335. The bankruptcy court accepted Roofing Designs position with respect to its representations about both Hartford and Royal American. The bankruptcy court approved Roofing Designs' Plan which did not disclose Roofing Designs' claims against Hartford. ECF No. 135-6; ECF No. 135-7. As for Royal American, the bankruptcy court approved a Plan which significantly devalued Roofing Designs' claims against Royal American and therefore

9

significantly devalued Roofing Designs' potential pool of assets. The Plan disclosed that Roofing Designs assets of value were its accounts receivable and office furniture. ECF No. 135-6 at 12. The Plan did not disclose the true nature of the Royal American litigation or provide creditors with any insight as to the damages Roofing Designs sought. ECF No. 135-6 at 14. Because of the failure to adequately disclose the value of the claims against Hartford and Royal American, the Plan did not alert creditors that those claims might be a potential asset or source of funds from which the creditors could be satisfied. The bankruptcy court accepted Roofing Designs' valuation of its claims against Royal American and Hartford.

### *iii.    Lack of Inadvertence*

The final prong for judicial estoppel requires that the debtor did not act inadvertently. *Reed*, 650 F.3d at 574. Inadvertence is shown when the debtor either lacks knowledge of the undisclosed claims or has no motive to conceal the claims. *In re Flugence*, 738 F.3d 126, 130 (5th Cir. 2013). A motivation to conceal may be shown if the debtor has a potential financial benefit from the nondisclosure. *U.S. ex rel. Long v. GSDMIdea City, LLC*, 798 F.3d 265, 273 (5th Cir. 2015).

The evidence establishes that Roofing Designs' nondisclosure was not inadvertent. Roofing Designs made all its representations to the bankruptcy court through Ms. Gragg. She had personal knowledge of the claims in this case and their value. She is the one that filed the lien paperwork, valuing Roofing Designs' liens against Royal American at approximately $130,914. ECF Nos. 135-1, 135-2. She herself testified that Roofing Designs was seeking approximately $600,000 in damages in this case. ECF No. 135-3 at 48. Roofing Designs provided a detailed damages calculation in its initial disclosures, estimating its damages at $227,756.43. ECF No. 32 at 8. Then Ms. Gragg signed a declaration

under penalty of perjury in the bankruptcy court, which failed entirely to disclose the claims against Hartford and valued the claims in this case at "$0.00." ECF No. 135 at 7, 14. Roofing Designs always had the requisite information to provide to the bankruptcy court the same information it provided to this court but did not.

Roofing Designs had a clear motivation to conceal the value of its claims against Hartford and Royal American. By failing to disclose the value of its claims, Roofing Designs would hope to discharge its debt at a fraction of its value, while keeping the full value of its claims against Hartford and Royal American. *See, e.g., In re Flugence*, 738 F.3d at 130 ("The bankruptcy court also found that she had motive to conceal, because her claim, if disclosed, would be available to the creditors."). It is akin to understating the value of a financial asset or an account receivable that ought to be included in the bankrupt's estate. Roofing Designs did not act inadvertently.

### 3. Conclusion

Roofing Designs is judicially estopped from pursuing its claims against Hartford and Royal American. Hartford and Royal American's Joint Motion for Summary Judgment, ECF No. 135, is therefore **GRANTED**. Roofing Designs' claims against Hartford and Royal American are therefore **DISMISSED with PREJUDICE**.

All claims against all parties have now either been settled or dismissed. A separate final judgment will be entered and this case will be closed.

Signed at Houston, Texas on January 7, 2025.

_____
Peter Bray
United States Magistrate Judge